IN THE MATTER OF BARRY DAVID ZISKIND, AN ATTORNEY AT LAW, RESPONDENT.

No. 87-416.
Decided Sept. 13, 1988.
766 P.2d 218.

## OPINION AND ORDER

The Committee on Practice of the Supreme Court of the State of Montana filed a complaint in this Court charging Barry David Ziskind with violations of the Rules of Professional Ethics which apply to attorneys licensed to practice in the State of Montana. On September 30, 1987, a citation was issued to Mr. Ziskind. Mr. Ziskind filed his answer to the complaint on October 14, 1987.

A hearing was held before the Commission on Practice on January 21, 1988. Thomas Lynaugh acted as special counsel. Mr. Ziskind had received proper notice of the hearing, but was not present. He did file a written brief which was introduced into evidence at the hearing. Evidence was presented at the hearing by Mr. Lynaugh on behalf of the prosecution. Subsequently the Commission on Practice issued its findings, conclusions, and recommendations dated February 23, 1988, which were filed in this Court on March 7, 1988. The Commission on Practice recommended that Mr. Ziskind be indefinitely suspended from the practice of law in the State of Montana. It further recommended that Mr. Ziskind be required to remit $88 to his former clients Rollin and Cindy Ficek for the balance due on their attorney fees and that he be required to pay all costs of the proceedings before the Commission. A copy of the Commission's findings, conclusions, and recommendations was served upon Mr. Ziskind. The findings and recommendations of the Commission may be examined by interested parties in the office of the Clerk of the Supreme Court.

Mr. Ziskind filed his written objections to the Commission's findings, conclusions, and recommendations on April 12, 1988. Mr. Lynaugh filed his response to the objections on April 29, 1988. In accordance with the rules governing the Commission on Practice, the matter was deemed submitted to the Supreme Court. The Court has reviewed the briefs and other matters in the file and the transcript and has concluded that oral argument is not required.

The Court has concluded that it is appropriate to impose the discipline upon Mr. Ziskind as recommended by the Commission on Practice. We will review briefly the findings and conclusions of the Commission.

Count One of the complaint against Mr. Ziskind involved his agreement to represent the Ficeks in a bankruptcy proceeding. The Ficeks first retained Mr. Ziskind in August of 1986. On September 15, 1986, the Ficeks returned to Mr. Ziskind a bankruptcy work

sheet, signed the papers for the bankruptcy, and paid Mr. Ziskind a $228 retainer fee. Within a week after that date, Mr. Ziskind or his secretary called the Ficeks and told them that he could not handle their case because one of the creditors was a friend of his, and that he would refund their money by mail. When they had not received the refund after a week, the Ficeks called Mr. Ziskind's office three or four times, but no one answered. Then they went to the office, only to find that it had been closed. The Ficeks were unable through further efforts to find Mr. Ziskind. They finally wrote to the Commission on Practice.

Mr. Ziskind, in his brief to the Commission, blames the failure to refund the fees to the Ficeks on an "apparent oversight." Immediately prior to the Commission's hearing, he offered a refund of $140 to the Ficeks, having deducted "actually earned costs and attorney fees."

The Commission found that when Mr. Ziskind obtained the $228 retainer, he knew or should have known that he was going to leave the State within nineteen days and could not represent the Ficeks. It found that Mr. Ziskind had a duty to refund the fee and return his work product to the Ficeks. The Commission concluded that Mr. Ziskind violated Rules 1.16(d) and 8.4(c) of the Rules of Professional Conduct. We affirm the findings and conclusions of the Commission as to Count One.

Count Two of the complaint arises out of a lawsuit brought by Mr. Ziskind's law firm to collect attorney fees owed to it. In that justice court action, Mr. Ziskind signed all the pertinent pleadings for his firm. In the course of the action, the deposition of the defendant former client was taken. Following that, Mr. Ziskind moved for summary judgment. In his brief in support of his motion for summary judgment, Mr. Ziskind set forth purported quotations from the deposition. The quotations were taken from two entirely different portions of the deposition, but were shown as one continuous quotation, resulting in a misleading representation of the testimony. The Commission found that it was "inconceivable" that, as Mr. Ziskind contended, these were merely clerical errors. The attorney for the clients brought this misrepresentation to the attention of the Justice Court, which imposed sanctions of $3,500 against Mr. Ziskind. The matter was appealed to district court, but the parties reached a settlement whereby the clients received a total payment of $3,000. The Commission found that Mr. Ziskind's conduct under this count violated Rules 8.4(c), (d), and 3.3(a)(1), of the Rules of

Professional Conduct. After reviewing the record, we affirm the findings and conclusions of the Commission as to Count Two.

The Commission dismissed Count Three of the complaint filed against Mr. Ziskind. We affirm that dismissal.

In his written objections to the Commission's findings, Mr. Ziskind contends that there is no proof that his conduct in Count One constituted willful violation of the Rules of Professional Conduct and that he is entitled to retain that portion of the retainer paid by the Ficeks which he earned. He maintains that his failure to refund the remainder of the fees was inadvertent. As to Count Two, he continues to assert that the misleading nature of the quotations from the deposition is inadvertent. He also argues that the incident described in Count Two should not be considered because the Justice Court's sanctions against him were appealed and then settled. However, he has presented nothing which would prohibit the Commission's and this Court's consideration of his underlying conduct in filing the brief with the misleading quotations. Mr. Ziskind asks that he be continued in good standing as a member of the State Bar of Montana and that he not be taxed with the costs of the Commission's proceedings. From his brief, the Court concludes that Mr. Ziskind continues to refuse to take responsibility for his actions which led to the proceedings before the Commission.

The Supreme Court of the State of Montana unanimously concludes as follows:

1. That Mr. Ziskind shall be suspended from the practice of law indefinitely.

2. That Mr. Ziskind shall be required to pay the Ficeks $88.

3. That Mr. Ziskind shall pay all costs of the proceedings before the Commission on Practice as a condition precedent to his reinstatement to the practice of law.

IN ORDER TO CARRY OUT THE FOREGOING, THE COURT ORDERS:

1. That Mr. Ziskind's suspension from the practice of law in the State of Montana shall commence immediately.

2. The Secretary of the Commission on Practice shall furnish to this Court and to Mr. Ziskind a statement of Commission costs. Within 90 days, the Secretary shall communicate to the Court Mr. Ziskind's response to this order requiring that he pay the Commission costs. Mr. Ziskind's response shall be part of the record in these proceedings for purposes of any request for reinstatement.

3. Copies of this order shall be mailed to Mr. Ziskind, Thomas Lynaugh, the Ficeks, the Chairman of the Commission on Practice, George Bousliman, Executive Director of the State Bar of Montana, each of the District Judges of the State of Montana, and to each of the United States District Judges for the District of Montana. Copies of this order shall also be sent to the State Bar of California (attn: Richard Gomez), 555 Franklin, San Francisco, California, 94102-4498; and to Ms. Gina Maclellan, Nevada State Bar, 295 Holcomb, Suite 2, Reno, Nevada, 89502.

DATED this *13th* day of September, 1988.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/William E. Hunt, Sr., Justice
s/Fred J. Weber, Justice
s/John C. Sheehy, Justice
s/R.C. McDonough, Justice
s/L.C. Gulbrandson, Justice